FILED
JAN 11 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David Cobble, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 0050 |
| ) | |
| United States Attorney General, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### TRANSFER ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will transfer this action to the United States District Court for the Southern District of Georgia.

Plaintiff is incarcerated at the Wheeler Correctional Facility in Alamo, Georgia. Generally, he alleges that racism pervades the criminal justice system, such that the constitutional rights of African-American defendants routinely are violated. As an example, he refers to the denial of his petition for a writ of habeas corpus and its appeal to the Georgia Supreme Court. *See* Compl. at 6-7, 10-13. Other examples of such racism involve defendants tried and convicted in Georgia courts. *See id.* at 14-27. He purports to bring a class action lawsuit against the Attorney General and the United States Department of Justice seeking, among other things, an order directing defendants to "devise and execute a plan that moves to affirmatively abolish racism from the criminal justice system in state and local jurisdictions across the United States." *Id.* at 30.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In

1

considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

Assuming without deciding that plaintiff adequately states a claim against these defendants, this district is not the proper place for its resolution. Plaintiff describes events occurring in Georgia involving defendants who appear to reside and conduct business in Georgia. Any potential witnesses in this case likely would be in Georgia, which also is plaintiff's place of incarceration. The District of Columbia has no apparent connection to this case aside from being the capital of the United States where the United States Department of Justice maintains its headquarters. *See Boers*, 133 F. Supp. 2d at 66. Therefore, in the interests of justice, this action will be transferred. Accordingly, it is hereby

ORDERED that this civil action shall be **TRANSFERRED** to the United States District Court for the Southern District of Georgia. Resolution of plaintiff's application to proceed *in forma pauperis* is left for the transferee court to decide.

SO ORDERED.

Date: January 7, 2008

United States District Judge